UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Andres Manuel Romero,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 96-119 ADM/RLE

_____

Tracy T. Braun, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Andres Manuel Romero, *pro se*.

_____

This matter is before the undersigned United States District Judge on Defendant Andres Manuel Romero's ("Defendant") Motion for Reduction of Sentence Based on the Retroactive Application of Amendment 591 Pursuant to Title 18 United States Code § 3582(c) [Docket No. 465]. Defendant argues that application of Amendment 591 to the Federal Sentencing Guidelines mandates a reduction in his sentence. For the reasons set forth below, Defendant's Motion is denied.

On January 29, 1997, Defendant was found guilty by a jury on two counts of conspiracy with intent to distribute cocaine in violation of 18 U.S.C. §§ 841(a)(1) and 846. Defendant was sentenced to a 188 month term of imprisonment, followed by a five year term of supervised release, on July 3, 1997. Defendant's pre-sentence report determined Defendant was responsible for 128 kilograms of cocaine.

Defendant now seeks application of Amendment 591 to his sentence, averring that the sentencing court is now required to determine sentences based upon the offense of the

conviction. Here, the two counts on which Defendant was convicted indicate he possessed in excess of five (Count I) and eleven (Count II) kilograms of cocaine. Therefore, Defendant believes his sentence should be based on possession of those amounts of cocaine, as opposed to 126 kilograms as determined in the pre-sentence report.

18 U.S.C. § 3582(c) states, in part: "The court may not modify a term of imprisonment once it has been imposed except that – . . . (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." Thus, if the Defendant can demonstrate his sentence was based on a range that has subsequently been lowered by the Sentencing Commission, his sentence can be modified. Here, however, although Amendment 591 did lower certain drug sentencing ranges, it does not apply to Defendant's sentence. As a result, his Motion is denied.

Amendment 591 to the United States Sentencing Guidelines requires that an offense guideline be based on the offense of conviction as opposed to judicial findings of conduct not submitted to a jury. U.S.S.G. App. C, amend. 591. In promulgating this amendment, the Sentencing Commission stated: "Therefore, in order for the enhanced penalties in §2D1.2 to apply, the defendant must be convicted of an offense referenced in §2D1.2, rather than simply have engaged in conduct described by that guideline." Id. The pre-sentence report, however, reveals that in the instant case, Defendant did not receive an enhanced penalty or an offense guideline based upon uncharged conduct. Circuit courts addressing this issue have held that "Amendment 591 directs the district court to apply the guideline dictated by the statute of conviction, but does not constrain the use of judicially found facts to select a base offense level within the relevant guideline." United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005);

United States v. Rivera, 293 F.3d 584, 586 (2d Cir. 2002); United States v. Hurley, 374 F.3d 38, 40-41 (1st Cir. 2004).  In the instant case, §2D1.1 was used only to find that the base offense level of Defendant was 36.  Defendant's sentence did not, however, reflect an enhanced penalty or an offense guideline based upon uncharged conduct.  Consequently, his Motion is denied.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Reduction of Sentence Based on the Retroactive Application of Amendment 591 Pursuant to Title 18 United States Code § 3582(c) [Docket No. 465] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 19, 2005.